IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY MOONEYHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-CV-01089 |
| ) | |
| D.D.C. NASHVILLE, TN ) | JUDGE RICHARDSON |
| *Detention Center*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Terry Mooneyhan, a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, has filed a pro se, in forma pauperis complaint against the D.D.C. Nashville, TN Detention Center under 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). Plaintiff also filed a supplement to his complaint. (Doc. No. 5).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. SUPPLEMENT TO THE COMPLAINT**

After filing his complaint, Plaintiff submitted a supplemental document regarding the events of September 7, 2020. (Doc. No. 5). At that time, no Defendant had been served, and the Court had not undertaken the required screening of Plaintiff's complaint. Therefore, the Court will screen the original complaint, as informed by Plaintiff's supplement (Doc. No. 5), pursuant to the PLRA. Going forward, however, Plaintiff is advised that he cannot litigate this action or any action in this Court by way of supplements, notices, or letters to the Court. Even though Plaintiff is proceeding pro se and the Court will take into consideration his pro se status when evaluating

1

pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the Court to consider arguments and evidence, he must raise them by way of timely and properly filed pleadings or motions.

## II. PLRA SCREENING STANDARD

Under the screening requirements of the PLRA, the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court also must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a pro se plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

## III. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## IV. ALLEGED FACTS

The complaint alleges that, on September 7, 2020, Officer Christopher Wicking conducted a search of Plaintiff's cell and claims to have found homemade wine. He subsequently requested changes to Plaintiff's diet, "stating that [Plaintiff] was abusing [his] food making homemade wine with it." (Doc. No. 1 at 12). Specifically, he asked that Plaintiff's bread and fruit be discontinued, and "the jail" did as requested. (*Id.*) In addition, "the jail" stopped providing Plaintiff with a night-time snack that he receives "medically due to Chrohn's disease" and Hepatitis C. (*Id.*; Doc. No. 5 at 6). According to the complaint, for a period of approximately two weeks, no food alternatives were provided to Plaintiff and he did not receive sufficient calories for an inmate with his medical conditions.

During this time, Plaintiff was in solitary confinement and requested assistance from the guards, but "no guards could give any account or recollection to the situation." (Doc. No. 1 at 12). The medical department could not help him either, claiming they did not know how to rectify the situation. "After weeks of going hungry and being starved," Plaintiff began filling out grievances and "acting out" in an attempt to receive food he "desperately needed." (*Id.* at 14). Plaintiff became "hopeless" and suffered weight loss. (*Id.*)

Ultimately, Lieutenant Conrad and Nurse Tiffany responded to Plaintiff's requests, and he began receiving bread, fruit, and a night-time snack again. According to Nurse Tiffany, "they were never ever supposed to be able to change [Plaintiff's] diet or even give [him] alternatives for one due to [his] medically prescribed food [he's] supposed to get extra at nighttime." (*Id.* at 15). The complaint as supplemented alleges that Plaintiff was "forced to starve as a punishment." (Doc. No. 5 at 6).

3

## V. ANALYSIS

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984).

Inmates must be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Butler v. Jewell*, 869 F.2d 1488 (6th Cir. 1989) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 n.5 (5th Cir.1986)). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding that providing one meal per day for fifteen consecutive days did not violate the Eighth Amendment, where the one meal provided sufficient nutrition to sustain normal health for that time period).

Here, the complaint names only one Defendant to this action: "D.D.C. Nashville, TN Detention Center." However, the Downtown Detention Center operated by the Davidson County Sheriff's Office is not a "person" who can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County

4

Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted under Section 1983 against the named Defendant, and all claims against Defendant will be dismissed.

## VI. CONCLUSION

Having conducted the review required by the PLRA, the Court determines that the complaint as supplemented fails to state claims upon which relief can be granted under Section 1983 against the sole named Defendant. Therefore, this action is subject to dismissal.

However, had Plaintiff named a proper Defendant in this complaint, his allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. Therefore, taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to name an additional defendant or defendants with regard to his Eighth Amendment allegations. Plaintiff has 30 days to submit an amended complaint. If he fails to do so, this action will be dismissed.

An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE