IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY MOONEYHAN | ) | |
| #545416, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:20-CV-01089 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| D.D.C. NASHVILLE, TN | ) | |
| *Detention Center*, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is an amended complaint (Doc. No. 10) and a letter (Doc. No. 11) submitted by pro se Plaintiff Terry Mooneyhan, a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee.

### I. BACKGROUND

In December 2020, Plaintiff filed a pro se, in forma pauperis complaint against the D.D.C. Nashville, TN Detention Center under 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). After conducting the review required by the Prison Litigation Reform Act, the Court determined that the complaint failed to state claims upon which relief can be granted under Section 1983 against the sole named Defendant. (Doc. Nos. 7 and 8). The action, therefore, was subject to dismissal. However, the Court found that Plaintiff's allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983 had Plaintiff named a proper Defendant; therefore, taking into account Plaintiff's pro se status, the Court permitted Plaintiff to amend his complaint, if he so desired, to name an additional defendant or defendants with regard to his Eighth Amendment allegations. (*Id.*)

1

Plaintiff now has submitted an amended complaint within the time frame set forth by the Court. (Doc. No. 10). He also submitted a letter (Doc. No. 11), which the Court construes as a supplement to the amended complaint as it provides additional information about Plaintiff's allegations.

## II. PLRA SCREENING STANDARD

Under the screening requirements of the PLRA, the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court also must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a pro se plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

## III. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## IV. ALLEGED FACTS

Plaintiff alleges that, on September 7, 2020, Officer Christopher Wicking conducted a search of Plaintiff's cell and claims to have found homemade wine. As a result, Officer Wicking

2

requested that Plaintiff "be put on a diet restriction." (Doc. No. 11 at 1). Specifically, he asked that Plaintiff's bread and fruit be discontinued. (*Id*.) On September 8, 2020, Sergeant Richard Grant "signed off on the disciplinary" and approved the dietary changes for Plaintiff. (*Id*.) Plaintiff thereafter stopped receiving fruit, bread, and a night-time snack that he receives "medically due to Chrohn's disease" and Hepatitis C. (Doc. No. 1 at 12; Doc. No. 5 at 6). According to Plaintiff, for a period of approximately three weeks, no food alternatives were provided to Plaintiff and he did not receive sufficient calories for an inmate with his medical conditions. (*Id*.)

During this time, Plaintiff was in solitary confinement and requested assistance from Lieutenant Marcus Fielden and Sergeants Nicholas Pallak and Ronnie Davis, but they did not help Plaintiff receive additional or alternative food. (Doc. No. 10 at 8). According to Plaintiff, Sergeants Davis, Grant, and Pallak stated "they didn't know who made the call or authority to do that restoration on food [and] that as security their job is only to write up disciplinary's [sic] and [they] couldn't restrict my food especially over medical." (Doc. No. 11 at 2). The medical department staff would not help Plaintiff either, claiming they did not know how to rectify the situation. (Doc. No. 1 at 6). "After weeks of going hungry and being starved," Plaintiff began submitting grievances and "acting out" in an attempt to receive food he "desperately needed." (*Id*. at 14). Plaintiff became "hopeless" and suffered weight loss. (*Id*.)

Initially, Lieutenant Thomas Conrad "was no help" to Plaintiff, but later "changed his mind." (Doc. No. 10 at 8). He and Nurse Tiffany l/n/u ultimately were responsible for Plaintiff receiving bread, fruit, and night-time snacks again. According to Nurse Tiffany, "they were never ever supposed to be able to change [Plaintiff's] diet or even give [him] alternatives for one due to [his] medically prescribed food [he's] supposed to get extra at nighttime." (Doc. No. 1 at 15).

Plaintiff alleges that he "suffered from not only starvation, but being starved and in a cell 23 hours a day and not allowed to see any authority unless acting out of character." (Doc. No. 11 at 2). Plaintiff seeks compensation in the amount of $1,000,000 and mental health counseling. (Doc. No. 10 at 6).

## V. ANALYSIS

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a [jail] official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. 825, 832 (internal quotation marks and citations omitted). Second, the official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Inmates must be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Butler v. Jewell*, 869 F.2d 1488 (6th Cir. 1989) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 n.5 (5th Cir.1986)). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Wilson*, 501 U.S. 294, 298. Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding that providing

4

one meal per day for fifteen consecutive days did not violate the Eighth Amendment, where the one meal provided sufficient nutrition to sustain normal health for that time period).

Here, Plaintiff alleges that Officer Wicking and Sergeant Grant are the individuals primarily responsible for the initial changes to Plaintiff's diet. Although Plaintiff does not identify Officer Wicking as a Defendant to this action on page seven of his amended complaint along with the other Defendants, Plaintiff states on page eight of his supplement to the amended complaint that "[a]ll parties mentioned in the statements above [including Officer Wicking] are the defendants being sued." (Doc. No. 11 at 8). Considering Plaintiff's pro se status and the allegations made by Plaintiff, the Court understands Plaintiff to name Officer Wicking as a Defendant to this action.

Plaintiff alleges that the other Defendants did not respond to his requests for help, claiming to lack the authority to override instructions about Plaintiff's meals. However, Lieutenant Conrad eventually reinstated Plaintiff's original diet, so it appears that at least some correctional officers had the ability to respond to Plaintiff's concerns and elected not to do so, despite observing, and in some cases being notified of, Plaintiff's deteriorating health and weight. Plaintiff names all Defendants in their individual capacities only.

"If the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). Here, Plaintiff alleges that he lost significant weight while incarcerated as a result of the nutritional deficiencies brought about by Defendants' deliberately indifferent actions. In addition, Plaintiff alleges that he suffers from mental health problems as a result of having been "starved" while isolated in solitary confinement. For purposes of the required PLRA screening, the Court concludes that Plaintiff's allegations, construed as true, state colorable claims under Section 1983

for a violation of his federal rights against Defendants Officer Wicking, Lieutenants Conrad and Fielden, and Sergeants Grant, Pallak, and Davis. *See Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (limiting an inmate to a single meal a day when inmates were regularly served three meals a day could violate the Eighth Amendment if the single meal was nutritionally inadequate to sustain the prisoner's health); *Boles v. Aramark*, No. 17-1919, 2018 WL 3854143 at * 3 (6th Cir. March 19, 2018) (a prolonged failure to provide an inmate with food that complies with medically-ordered diet restrictions was serious enough to meet the objective prong of the Eighth Amendment analysis). *See also Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (affirming dismissal of claim based on inadequate nutrition where the plaintiff failed to allege that his health suffered as a result of the alleged deprivation of meals). Therefore, Plaintiff's Section 1983 claims against these Defendants in their individual capacities will proceed. Ultimately, Plaintiff must support his allegations with admissible evidence.

## VI. CONCLUSION

Having conducted the review required by the PLRA of the amended complaint, the Court determines that the complaint states colorable, non-frivolous Eighth Amendment claims upon which relief can be granted under Section 1983 against Defendants Officer Wicking, Lieutenants Conrad and Fielden, and Sergeants Grant, Pallak, and Davis in their individual capacities.

An appropriate Order will be entered.


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE