UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY MOONEYHAN,<br><br>   Plaintiff,<br><br>v.<br><br>D.D.C. NASHVILLE, TN, et al.,<br><br>   Defendants. | Case No. 3:20-cv-01089<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On July 1, 2021, Defendants Lieutenant Thomas Conrad and Sergeants Ronnie Davis, Marcus Fielden, Richard Grant, Nicholas Pallak, and Corporal Christopher Wicking moved to dismiss pro se Plaintiff Terry Mooneyhan's claims against them under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 26.) The Court ordered Mooneyhan, who is incarcerated and proceeds *in forma pauperis*, to file a response in opposition to the motion to dismiss no later than fourteen days after being served with the motion. (Doc. No. 29.)

On July 21, 2021, the Court received an unsigned, undated letter that appears to address the arguments in the defendants' motion to dismiss. (Doc. No. 30.) The letter arrived in an envelope labeled with Mooneyhan's name and return address, but did not have a postmark or any other indication of when it was mailed. (*Id.*) This letter, if intended to be filed as Mooneyhan's response to the defendants' motion to dismiss, does not comply with the requirements of this Court and the Federal Rules of Civil Procedure and must be refiled.

All documents filed with this Court must be signed and dated. Federal Rule of Civil Procedure 11 requires "[e]very pleading, written motion, and other paper [to] be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "As Rule 11(a) is now framed,

. . . the requirement of a signature [indicates], as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). If a party does not promptly correct an unsigned paper after the omission is called to their attention, "[t]he court must strike [the] unsigned paper . . . ." Fed. R. Civ. P. 11(a). Filings must also be dated to ensure that they were filed within the deadlines established by the Court. For litigants who are incarcerated, legal mail is considered "filed" when it is handed over to prison authorities for mailing to the Clerk of Court. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Courts assume, "absent contrary evidence," that an incarcerated person handed over a legal filing to prison authorities "on the date he or she signed [it]." *Id.*

In light of Mooneyhan's pro se status, the Court will EXTEND the deadline for him to respond to the defendants' motion to dismiss. Mooneyhan is ORDERED to file a signed and dated response to the defendants' motion to dismiss by August 10, 2021. Failure to do so may result in a recommendation of dismissal under Rule 41(b) for failure to prosecute.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge

2

Case 3:20-cv-01089 Document 31 Filed 07/27/21 Page 2 of 2 PageID #: 169